UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2009 JUL 31  A 9: 27

|                                              |     |                                          |
|----------------------------------------------|-----|------------------------------------------|
| Douglas M. Williams,                         | )   |                                          |
|                                              | )   |                                          |
|    *Plaintiff,*               | )   |                                          |
|                                              | )   |                                          |
| v.                                           | )   | Civil Action No.: 2:09cv 718- mht        |
|                                              | )   | **Plaintiff Demands Jury Trial**         |
| **GE Money Bank,** a foreign corporation, **Compass** | ) |                                    |
| **Bank,** a domestic corporation, **First USA Bank,** | ) |                                    |
| **N.A.,** a foreign corporation, **Equifax Information** | ) |                                 |
| **Services, LLC,** a foreign limited liability company, | ) |                               |
| **Experian Information Solutions, Inc.,** a foreign | ) |                                     |
| corporation, and **Trans Union, LLC,**        | )   |                                          |
|                                              | )   |                                          |
|    *Defendants.*              | )   |                                          |

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1.    This Complaint seeks actual, compensatory, statutory, and punitive damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 8-19-1, *et seq.* (hereinafter referred to as "the ADTPA"), and state common law causes of action.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331,

and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Declaratory

relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Defendants' violations of

Plaintiff's rights, as alleged herein, occurred in Bullock County, Alabama, and were

committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3.      Plaintiff Douglas M. Williams (hereinafter referred to as "Plaintiff") is a natural person

and a resident and citizen of Montgomery County, the state of Alabama, and of the

United States.  Plaintiff is a "consumer" as that term is defined by the FCRA and Ala.

Code 1975, § 8-19-3(2).

4.      Defendant GE Money Bank (hereinafter referred to as "GE" or "Defendant") is a foreign

corporation licensed to furnish credit to consumers within the state of Alabama.

5.      Defendant Compass Bank (hereinafter referred to as "Compass" or "Defendant") is a

domestic corporation licensed to furnish credit to consumers within the state of Alabama.

6.      Defendant First U.S.A. Bank, N.A. (hereinafter referred to as "First Bank" or

"Defendant") is a foreign corporation licensed to furnish credit to consumers within the

state of Alabama.

7.      Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or

"Defendant") is a foreign limited liability company licensed to do business within the

state of Alabama.  Equifax is a consumer reporting agency, as defined in section 1681a(f)

of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

8.   Defendant Experian Information Solutions, Inc. (hereinafter referred to as "Experian" or "Defendant") is a foreign corporation licensed to do business within the state of Alabama.  Experian is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

9.   Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is a foreign corporation licensed to do business within the state of Alabama.  Trans Union is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

### Defendants GE, Compass and First Bank:

10.   Plaintiff incorporates by reference herein paragraphs one (1) through nine (9).

11.   On March 28, 2007 Plaintiff filed for debt relief under Title 11 of the United States
      Bankruptcy Code and was discharged on July 11, 2007.[1]

12.   Notwithstanding the aforesaid, Defendants continue to report Plaintiff's accounts to one
      or more of the three national consumer reporting agencies (hereinafter referred to as
      "CRAs") as having current balances due and payable, rather than reflecting that such
      were discharged in bankruptcy.

13.   More specifically:

      a)  Defendant GE reported, and continues to report, to Equifax, Experian and Trans
          Union that Plaintiff has an outstanding balance with, and remains personally liable to,
          that Defendant for the sum of $625.00.  Notwithstanding that this account was
          identified with Schedule F - Creditors Holding Unsecured Nonpriority Claims,
          Defendant continues to report the same;

      b)  Defendant Compass reported, and continues to report, to Experian that Plaintiff has
          an outstanding balance with, and remains personally liable to, that Defendant for the
          sum of $3,944.00.  Disturbingly, Defendant also indicates that this account is reported
          as a loss by the credit grantor; and

      c)  Defendant First Bank reported, and continues to report, to Equifax and Trans Union
          that Plaintiff has an outstanding balance with, and remains personally liable to, that
          Defendant for the sum of $37,064.00.  Furthermore, Defendant has reported this

---

[1]  United States Bankruptcy Court for the Middle District of Alabama, Case No.: 03-31439.

account as being a "[b]ad debt; placed for collection; skip" and "CHARGED OFF ACCOUNT".

14.    Defendants obtained knowledge of Plaintiff's discharge on at least two separate occasions, *i.e.*, receipt of the BNC Certificate of Service – Meeting of Creditors and the BNC Certificate of Service – Order of Discharge, as the result of their inclusion within the Schedules of Plaintiff's bankruptcy petition.

15.    Defendants have recklessly, intentionally, willfully and/or maliciously failed to implement reasonable procedures to insure that Plaintiff's accounts are reported as having "0" balances as contemplated by the Fair Credit Reporting Act.  The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt." Acknowledging that the Federal Trade Commission's Staff Commentary lacks substantive precedential esteem it is persuasive in that it provides an explanation of the phrase "reasonable procedures."

16.    Notwithstanding that Defendants properly update numerous accounts each month they have negligently, intentionally, maliciously and/or willfully refused to do so with Plaintiff, and other similarly situated consumers.  More specifically, Defendants have a pattern or practice of failing and/or refusing to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code.

17. As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy
Court for the Middle District of Alabama, "[t]he sheer number of ... cases [filed for a
creditor's failure and/or refusal to update a discharged debtor's credit reports] may
suggest that some creditors are systematically taking such action in an effort to diminish
the value of a discharge in bankruptcy."[2]

18. Defendants have promised, through their subscriber agreements or contracts with the
CRAs to update accounts that have been discharged in bankruptcy but have willfully,
maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as
well as the requirements set forth under the FCRA, ADTPA, federal law and state law
which has resulted in this information remaining on Plaintiff's credit reports.

19. Defendants have agreed to and understand they must follow the requirements of the
FCRA including, but not limited to, the following:

a) 15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any
information relating to a consumer to any consumer reporting agency if the
person knows or has reasonable cause to believe that the information is
inaccurate."

---

[2] In re Norman, 2006 WL 2818814 (Bankr.M.D.Ala. September 29, 2006) (*citing Irby v. Fashion Bug (In re Irby),* 337 B.R. 293 (Bankr.N.D.Ohio 2005) (reporting discharged debts as past due on credit report); *Helmes v. Wachovia Bank, N.A. (In re Helmes),* 336 B.R. 105 (Bankr.E.D.Va.2005) (reporting the discharged debt as "over 120 days past due" on credit report); *Smith v. Am. Gen. Fin. Inc. (In re Smith),* 2005 WL 3447645 (Bankr.N.D.Iowa Dec. 12, 2005) (reporting discharged debts as "account charged off/past due 180 days," "charged off as bad debt," and "charged-off" on credit report); *In re Miller,* 2003 WL 25273851 (Bankr.D.Idaho Aug. 15, 2003) (listing discharged debts as still due on the consumer's credit report); *Vogt v. Dynamic Recovery Servs. (In re Vogt),* 257 B.R. 65 (Bankr.D.Colo.2000) (reporting discharged credit card debts as still owed on credit report); *Carriere v. Proponent Fed. Credit Union,* 2004 WL 1638250 (W.D.La. July 12, 2004) (reporting discharged debts as "charged off" and "past due 180 days" on credit report)).

b)   15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

    (i)   the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

    (ii)   the information is, in fact, inaccurate."

c)   15 U.S.C. § 1681(a)(2) which states, "[a] person who -

    (A)   regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

    (B)   has furnished to a consumer reporting agency information that the person <u>determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate,</u> and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." (emphasis supplied).

20.   Defendants know that "parking" a balance on consumer accounts will lead to the publication of false and defamatory information every time that consumer's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the discharge, Plaintiff has been defamed in that such false information has been published to third

parties.

21.   All actions taken by employees, agents, servants, or representatives of any type for
      Defendants were taken in the line and scope of such individuals' (or entities')
      employment, agency, or representation.

22.   Defendants' actions, engaging in a pattern or practice of parking balances on consumer
      accounts that have been discharged in bankruptcy, were malicious, wanton, reckless,
      intentional or willful, and performed with the desire to harm Plaintiff, with the
      knowledge that their actions would very likely harm Plaintiff, and that their actions were
      taken in violation of the law.

23.   The actions, omissions, misrepresentations, and violations of the FCRA, ADTPA, federal
      law, and state law of Defendants, regarding Plaintiff's discharged debts, as described
      herein, have proximately caused Plaintiff to suffer severe mental distress, mental and
      physical pain, embarrassment, and humiliation of which Plaintiff will in the future
      continue to suffer.

**Defendants Equifax, Experian and Trans Union:**

24.   Defendants have failed to implement and/or follow "reasonable procedures to assure
      maximum possible accuracy" of the information they have published, and continue to
      publish, in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

25.   Indisputably, based upon the sheer volume of factually identical actions, Defendants
      should reasonably be aware of the inadequacy of their procedures and implement policies
      to improve the accuracy of the information they publish.  The FTC's Official Staff

Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, resulting from procedures followed by its sources of information."

26.   Defendants' intentional, reckless, and willful violations of the FCRA, ADTPA, federal law and state law has proximately caused Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

## COUNT ONE
## ALL DEFENDANTS
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, *et seq.*

27.   Plaintiff incorporates by reference herein paragraphs one (1) through twenty-six (26).

28.   In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

> a)   By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information they report as required by 15 U.S.C. § 1681(e)(b);
>
> b)   By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;
>
> c)   By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of

errors, reporting information after notice and confirmation of errors, failing to

update and/or correct previously reported information determined to be inaccurate

or incomplete, failing to provide notice of dispute, and failing to provide notice of

closed account;

    c)      Defaming Plaintiff by publishing to third parties false information

regarding Plaintiff's creditworthiness;

    d)      Invading the privacy of Plaintiff; and

    e)      Failing in their duty to prevent foreseeable injury to Plaintiff.

29.      The foregoing acts and omissions were undertaken by Defendants willfully, intentionally,

and knowingly as part of their routine credit reporting and/or credit furnishing business,

and in gross reckless disregard of the rights of Plaintiff.

30.      As a result of the above violations of the FCRA, Defendants are liable for Plaintiff's

actual, compensatory, and statutory damages, and costs and attorney's fees under the

FCRA.

## COUNT TWO
## ALL DEFENDANTS
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3, *et seq.*

31.      Plaintiff incorporates herein by reference paragraphs one (1) through thirty (30).

32.      The conduct described herein has caused actual confusion or misunderstanding as to the

source, sponsorship, approval, or certification of services within the scope of the

Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

33.     Such conduct is generally and specifically within the meaning of the Alabama Deceptive
        Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is
        prohibited, unfair, and deceptive.

34.     The foregoing acts and omissions of Defendants were undertaken by them willfully,
        intentionally, and knowingly as part of their routine debt collection business, and
        Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

35.     The conduct described herein has tremendous potential to be repeated where other
        consumers similarly situated will be treated with the same unscrupulous, unethical, unfair
        and deceptive acts and practices.

36.     Defendants' unfair and deceptive acts have proximately caused emotional and actual
        damages, and Defendants are liable to Plaintiff for such injury.

**COUNT THREE**
**DEFENDANTS GE, COMPASS AND FIRST BANK**
**NEGLIGENT, RECKLESS AND WANTON CONDUCT**

37.     Plaintiff incorporates herein by reference paragraphs one (1) through thirty-six (36).

38.     Defendants' acts, as described herein, were done so negligently and without care or
        concern for the well-being of Plaintiff.

39.     As a proximate consequence of Defendants' negligence, Plaintiff has been caused to
        suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for
        actual, compensatory, and punitive damages, costs and attorney's fees, and any other and
        further relief deemed appropriate by this Court.

## COUNT FOUR
## ALL DEFENDANTS
## INVASION OF PRIVACY

40.     Plaintiff incorporates by reference herein paragraphs one (1) through thirty-nine (39).

41.     Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in

        that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and

        places Plaintiff in a false light in the eyes of those to whom the publications are made.

42.     Defendants' actions were done so maliciously, without privilege, and with a willful intent

        to injury Plaintiff.

43.     As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has

        been caused to suffer severe emotional and mental distress, and Defendants are liable to

        Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and

        any other and further relief deemed appropriate by this Court.

## COUNT FIVE
## ALL DEFENDANTS
## DEFAMATION

44.     Plaintiff incorporates by reference herein paragraphs one (1) through forty-three (43).

45.     Defendants published false information about Plaintiff by reporting to one or more of the

        CRAs, or other third parties, either a false account or balance.

46.     Likewise, Defendants published false information about Plaintiff each time Plaintiff's

        credit reports were accessed – which was the result intended by Defendants.

47.     The publications and defamations were done so maliciously, without privilege, and with

        a willful intent to injure Plaintiff.

48.   As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has
      been caused to suffer severe emotional and mental distress, and Defendants are liable to
      Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and
      any other and further relief deemed appropriate by this Court.

## COUNT SIX
## DEFENDANTS GE, COMPASS AND FIRST BANK
## DECLARATORY AND INJUNCTIVE RELIEF

49.   Plaintiff incorporates herein by reference paragraphs one (1) through forty-eight (48).

50.   A dispute exists as to whether Defendants have violated the FCRA, ADTPA, federal law
      or state law.

51.   Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that
      Defendants violated the FCRA, ADTPA, federal law, and state law, and Plaintiff is
      similarly entitled to an order enjoining said acts.

52.   As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual,
      compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs
      for time lost at work and litigating this matter.

53.   Defendants' actions, omissions, and violations, as alleged herein, constitute the negligent
      and intentional infliction of mental and emotional distress upon Plaintiff, proximately
      causing Plaintiff to suffer great mental distress, mental and physical pain,
      embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiff respectfully prays that

judgment be entered against Defendants, jointly and severally, by this Court for the following:

a)   Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants GE, Compass and First Bank to be unlawful, enjoining such Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b)   Award Plaintiff actual damages;

c)   Award Plaintiff punitive damages;

d)   Award Plaintiff statutory damages where applicable;

e)   Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

f)   Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)   Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 30th day of July, 2009.

Anthony Brian Bush (BUS028)
*Attorney for Plaintiff*
The Law Office of Jay Lewis, LLC
847 South McDonough Street, Suite 100
Montgomery, Alabama 36104
Phone:          (334) 263-7733
Facsimile:     (334) 832-4390
Bar Id. #:  ASB-7306-A54B
anthonybbush@yahoo.com

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**GE MONEY BANK**
c/o The Corporation Company
2000 Interstate Park Dr Ste 204

Page 14

Montgomery, AL 36109

**COMPASS BANK**
c/o Jerry W. Powell, Registered Agent
15 South 20th Street
Birmingham, aL 35233

**FIRST USA, N.A.**
902 North Market Street
Wilmington, DE 19801

**EQUIFAX INFORMATION SERVICES, LLC**
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

**TRANS UNION, LLC**
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104